**STATE v. RUBIO**

[357 N.C. 53 (2003)]

| | | |
|---|---|---|
| STATE OF NORTH CAROLINA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ROMAN GUITIERREZ RUBIO | ) | |

No. 154P03

Upon consideration of the State of North Carolina's Petition for Extraordinary Writ and Motion Under Rule 2 of the Rules of Appellate Procedure to review the 11 March 2003 Order, entered by Judge Charles C. Davis, in District Court, Forsyth County, North Carolina, declaring N.C.G.S. § 7A-455.1 unconstitutional and enjoining the Clerk of Superior Court for said county from collecting the appointment fee and entering civil judgments pursuant to N.C.G.S. § 7A-455.1(b), and upon consideration of the State's Petition for Writ of Supersedeas pursuant to Rule 23 and Rule 2 of the Rules of Appellate Procedure to stay enforcement of the aforesaid order, it appears to the Court that the application of N.C.G.S. § 7A-455.1 should be consistent in all courts throughout the State, and it further appears to the Court that in the interest of justice and to expedite decision in the public interest as to the uniform administration of justice, the State's Petitions for Extraordinary Writ and for Writ of Supersedeas should be allowed.

Therefore, the Court, pursuant to Rule 2 of the Rules of Appellate Procedure suspends the requirements of the Rules of Appellate Procedure and in the exercise of its supervisory powers pursuant to Article IV, Section 12(1) of the North Carolina Constitution hereby (i) *ex mero motu* allows the State to seek review in this Court prior to determination in the Court of Appeals, (ii) issues its writ of certiorari to review the issue of the constitutionality of N.C.G.S. § 7A-455.1, (iii) issues its writ of supersedeas staying the enforcement of the trial court's 11 March 2003 order, and (iv) directs the parties to submit briefs on the following issues:

1. Whether the trial court erred in declaring N.C.G.S. § 7A-455.1 unconstitutional under the Constitution of the United States?

2. Whether N.C.G.S. § 7A-455.1 is unconstitutional under the North Carolina Constitution?

The parties shall file with this Court a settled record on appeal on or before 25 April 2003 at 5:00 p.m. Thereafter, briefing shall be as set forth in Rule 13 of the Rules of Appellate Procedure.

**STATE v. RUBIO**

[357 N.C. 53 (2003)]

This case shall be consolidated with State of North Carolina v. Dudley Cedrick Webb, No. 157P03, for purposes of oral argument.

By entering this order, the Court expresses no opinion as to the merits of the issues to be briefed.

By order of the Court in Conference, this 2nd day of April, 2003.

/s Edmunds, J.
For the Court